# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| RANDAL LAMAR RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-001 |
| | ) | |
| JOHN E. MORSE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Randal Lamar Richardson filed this 42 U.S.C. § 1983 action against two state-court judges, a district attorney, an assistant district attorney, and two public defenders. *See generally* doc. 18. The Court screened his Complaint, pursuant to 18 U.S.C. § 1915A, and recommended that it be dismissed. *See id.* at 12-13. Richardson has now filed objections to the Report and Recommendation, doc. 23, a second Motion to Appoint Counsel, doc. 22, a Motion for Preliminary Injunction, doc. 24, and a Motion to Amend his Complaint, doc. 25. His Motions have been referred to the undersigned. In the course of considering the merits of those motions, however, the Court discerned a more fundamental defect in Richardson's case.

1

Richardson's Motion to Amend includes a somewhat idiosyncratic citation "to Rules 15(a) and 19(a), Fed. R. Civ. P. . . ." Doc. 25 at 1. That citation reminded the Court of a previous filing by a *pro se* plaintiff confined to Chatham County Detention Center, one "Rodrick L. Richardson." *See Richardson v. Sheriff John T. Wilcher*, CV422-181, doc. 15 at 1 (S.D. Ga. Aug. 16, 2022) (seeking leave to amend "pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P. . . ."). Upon examination, the substance of the allegations in the two cases bear striking similarities. Rodrick L. Richardson alleged that his "rights under the Federal constitution have not been protected but do not exist in this [j]udicial system." CV422-181, doc. 1 at 3; *see also, e.g.,* doc. 1 at 3-4. He objects that the "jail has had us locked down on avg. 23 hours a day," and is "taking our [l]egal envelopes [and] . . . making copies without testing mail for contraband." CV422-181, doc. 1 at 4; *see also, e.g.,* doc. 1 at 15 (alleging prisoners are "locked down[,] on average, 22 hours a day," and "[t]he jail is also copying . . . legal mail . . . without testing it for contraband."). He objected to the representation provided by his public defender, Katherine M. Kelly. CV422-181, doc. 1 at 5; *see also* doc. 1 at 27-30. Rodrick L. Richardson's signature is also strikingly similar to

2

Randal L. Richardson, in that both form their middle initial to resemble the numeral "2." *Compare* CV422-181, doc. 1 at 11, *with* doc. 1 at 11. Finally, both have submitted statements by "William Wilson," in support of their claims. *Compare* CV422-181, doc. 15 at 2-11, *with* doc. 1 at 24-26. The Court lists those similarities merely as exemplary; others might be presented.

Because Richardson's original request to proceed *in forma pauperis* ("IFP") in this case was insufficient, the Court required him to supplement it. *See* doc. 8. Because of that supplement, the Court overlooked his concession in his Complaint that he had previously had a case dismissed under 28 U.S.C. § 1915(g)'s three-strikes bar. *See* doc. 1 at 8. The United States District Court for the Northern District of Georgia dismissed a Complaint filed by "Randal Lamar Richardson," in 2009. *See Richardson v. State of Missouri*, CV109-170, doc. 3 (N.D. Ga. Feb. 19, 2009) (citing dismissal of *Richardson v. Cordonnier*, CV608-3422 (W.D. Mo. Nov. 20, 2008)). Since Richardson's Complaint should be dismissed on three-strikes grounds, further inquiry to determine whether he has attempted to mislead the Court by filing a previous lawsuit under a different name is unnecessary.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IFP after filing three meritless actions. 28 U.S.C. § 1915(g). The relevant provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* "The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party," if it determines the action is barred. *See, e.g., Grissom v. Freyder*, 2022 WL 10842067, at *1 (E.D. Ark. Sept. 26, 2022).

The Court has confirmed the previous findings in the Northern District of Georgia and Western District of Missouri that Richardson has three strikes. *See Richardson v. Lutke*, CV607-3332, doc. 3 at 4-5 (W.D. Mo. Sept. 26, 2007) (dismissing all claims "for failure to state a claim," and for "failure to state a claim upon which relief may be granted."); *Richardson v. Lutke*, CV608-3009, doc. 6 at 3 (W.D. Mo. Mar. 6, 2008) (dismissing case "[b]ecause plaintiff's amended complaint fails to state a claim . . ."); *Richardson v. Div. of Family Servs.*, CV608-3068, doc. 4 at 6

4

(W.D. Mo. Apr. 14, 2008) (dismissing case "for failure to state a claim upon which relief may be granted . . ."); *see also, e.g., Daker v. Comm'r Ga. Dept. of Corrs.*, 820 F.3d 1278, 1283 (11th Cir. 2016) (holding that the expressly enumerated grounds, *i.e.* "frivolous," "malicious," and "fails to state a claim upon which relief may be granted," "are the only grounds that can render a dismissal a strike."); *Daker v. Keaton*, 787 F. App'x 630, 633 (11th Cir. 2009) ("[T]o conclude an action or appeal was dismissed," on one of the enumerated grounds, "the dismissing court had to have made some express statement . . ."). Richardson, therefore, accrued at least three § 1915(g) strikes before he filed this action.

PLRA does provide an exception to the "three strikes" provision if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation and citation omitted)); *see also Abdullah v.*

5

*Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Although Richardson alleges that his "physical and mental health is being taxed," and "[t]he stress has been insurmountable," doc. 1 at 5, none of his allegations concerning procedural problems with his pending criminal prosecution approach an allegation of "imminent danger of serious physical injury," sufficient to qualify for the exception.

Accordingly, the Court's prior Order granting him leave to proceed *in forma pauperis*, doc. 8, and Order and Report and Recommendation recommending dismissal, doc. 18, are **VACATED**.[1]   Docs. 8 & 18. Richardson's motions to proceed *in forma pauperis* should be **DENIED**. Docs. 2 & 7.  Since he is subject to the three-strikes bar, Richardson was required to "pay the full filing fee at the time he initiate[d] the suit . . . ." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  His Complaint, doc. 1, should, therefore, be **DISMISSED without prejudice**.   *Id.* ("[T]he proper procedure is for the district court to dismiss the complaint

_____

[1]   The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as it vacates the Court's prior Order directing payment of the initial partial filing fee.  *See* doc. 18 at 13-14.  Since that Order is now vacated, Richardson does not owe any initial partial filing fee.

without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this

21st day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA